NO 8059.

FRANK CASTAGNA

VS

G. W. GONNET

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

# OPINION.

By his Honor John St.Paul.

Plaintiff sued for possession of leased premises and had judgment. Within 24 hours the defendant applied for a new trial, which was granted. Sixty days thereafter the judge recalled his order allowing a new trial; and thereupon execution issued, which we are now asked to arrest.

The single question presented is whether or not a tenant condemned to deliver leased premises may suspend execution of the judgment by applying for (and even being allowed) a new trial.

Act 49 of 1918 provides that "if the tenant does not comply with the judgment (of eviction) within 24 hours after its rendition", the judge shall order the immediate execution thereof.

This statute is in the same terms as Acts 313 of 1908 and 52 of 1900-Interpreting these two statutes the Supreme Court has said that such judgments became executory 24 hours after they are "orally announced", Mallie vs Judge, 128 La 914 (918); provided that the tenant has not "suspensively appealed within the time", Hotel Co vs Brauning, 119 La 1070 (1075).

And in substance that court has held that the whole matter of obtaining relief from judgments ousting tenants, is regulated by special enactments and not by general laws (119 La 1076).

We therefore conclude, in view of the peremptory language of the statute and literal application thereof by the Supreme Court, that a judgment ousting a tenant becomes final and executory 24 hours after it is "orally announced", unless the tenant exercises the right of appeal given him by the Constitution (and by Statute); and that such judgment cannot be suspended by the granting of a new trial.

The writs herein issued are therefore recalled and this proceeding dismissed at relator's cost.